IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:11-cv-00482-GCM

| | |
|---|---|
| LA MERCED PRODUCE LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No. 3:11-cv-00482 |
| Y&E FOODS, LLC, d/b/a ) | |
| COMPARE FOODS, and ) | |
| ELIGIO PENA, Individually, ) | |
| ) | |
| Defendants. ) | |

## STIPULATION AND CONSENT JUDGMENT

Upon the joint request of Plaintiff La Merced Produce LLC and Defendant Y&E Foods, LLC, d/b/a Compare Foods ("Y&E"), for the entry of a final judgment by consent between Plaintiff and Y&E as follows:

A) Y&E has indicated its consent to the entry of this Judgment and through such consent, has waived personal service and any objection to the Court's exercise of both personal and subject matter jurisdiction in this matter over them to allow for the entry of this Judgment.

B) Y&E has further indicated and hereby affirms that its obligations hereunder will not preclude Y&E's ability to satisfy any other or further obligation it may have to any third party.

C) The Court, having been so advised, hereby finds Y&E is indebted to Plaintiff, for a breach of the trust imposed upon their assets under § 499e(c) of the Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499a-499t, as amended (the "PACA"), in the agreed current amount of $60,000.00

Accordingly, **IT IS HEREBY ORDERED:**

1. On Count I of the Complaint, Final Judgment is hereby granted and entered in favor of Plaintiff and against Y&E in the current amount of $ 60,000.00 ~~, plus interest at the contract rate of 1.5% per month~~ and additional attorneys' fees (hereinafter the "Outstanding Indebtedness"), less any sums recovered under any other Counts of the Complaint.

2. On Count II of the Complaint, Final Judgment is hereby granted and entered in favor of Plaintiff and against Y&E in the full amount of the Outstanding Indebtedness, less any sums recovered under any other Counts of the Complaint.

3. On Count III of the Complaint, Final Judgment is hereby granted and entered in favor of Plaintiff and against Y&E in the full amount of the Outstanding Indebtedness, less any sums recovered under any other Counts of the Complaint.

4. Nothing in this Judgment shall be construed as limiting Plaintiff to recovery from Y&E, and Plaintiff shall maintain the right to pursue all available remedies against any individual members, managers, or officers for breach of fiduciary duties (or any other applicable claims) in connection with the dissipation of trust assets. ⊛

5. Y&E shall deliver the following payments to Plaintiff, on the following schedule, and in the following manner, to preclude execution on this Judgment:

    (a) Y&E shall immediately make an initial payment to Plaintiff of $ 29,000.00 via certified check. Upon receipt of said good funds by Plaintiff, Y+E's bank is authorized to release the hold on Y+E's accounts.

    (b) ~~Y&E shall satisfy~~ the balance of the Outstanding Indebtedness to the Plaintiff until paid in full as follows: Beginning on ~~November 1, 2011,~~ October 14, 2011, Y&E shall pay Plaintiff the sum of at least $ 1,500.00 weekly by each Friday. ~~for each month of the first year, at least $_____ for each month of the second year, at~~

-2-

~~least $_____ for each month of the third year.~~

(c) ~~Y&E shall make each monthly payment set forth above via wire transfer or certified funds to Plaintiff's Counsel, payable to: "Alston & Bird Client Trust," and ensure delivery to Plaintiff's Counsel on or before the dates set forth above.~~ Plaintiff will apply each payment to the Outstanding Indebtedness in any order, at its sole discretion, as long as Y&E receives full credit for each such transfer.

(d) Notwithstanding any terms to the contrary, Y&E shall be entitled to prepay any part or all of the principal sum of the Outstanding Indebtedness without penalty, at any time and from time-to-time, without the requirement that Plaintiff consent thereto. Prepayments made under this subsection (d) shall, after payment of interest, be applied to the installments last to become due and shall not affect the obligation of Defendants to pay the remaining monthly installments payable or change the amount of such installments.

7. As long as the above payments are each delivered to ~~Plaintiff's Counsel~~ Plaintiff on or before the dates set forth above, Plaintiff agrees to not execute upon or otherwise record this Judgment. Upon Y&E's failure to make any payment required hereunder when due ("Default"), Plaintiff may issue a notice of Default via e-mail to Jose Almonte whereupon Y&E shall be afforded ~~three (3)~~ five (5) business days to cure the Default. If Y&E fails to cure the Default within this cure period, Plaintiff shall be free to immediately record and execute upon this Judgment. Following any uncured Default or upon a third Default, Y&E hereby expressly agrees that any

- 3 -

post-Default attorneys' fees and costs shall be added in full to the balance then due on the Outstanding Indebtedness and the full amount of same shall be immediately due and owing.

~~8. Interest shall continue to accrue on the unpaid principal portion of the Outstanding Indebtedness at the agreed rate between the parties of 1.5% per month.~~

8. Upon full payment by Y+E as contemplated herein, Plaintiff will file a Satisfaction of Judgment with the Court.

**SO ORDERED** this 5th day of October, 2011 in Charlotte, North Carolina.

*/s/ Graham C. Mullen*
Sr. U.S. Dist Judge

**ACKNOWLEDGED AND AGREEED:**

| Y&E Foods, LLC | La Merced Produce LLC |
|---|---|
| By: Jose Almonte | By: Melissa Vargas |
| Title: Manager | Title: Accounting Manager |
| Date: 10/5/2011 | Date: 10-5-2011 |

⊛ Because this Order does not resolve Plaintiff's claims against Defendant Pena, the Court expressly determines that there is no just reason for delay with respect to entry of a Final Judgment as to Defendant Y+E Foods, LLC, d/b/a Compare Foods and directs the same.